UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN BENEDICT SR., )
  )
  Plaintiff, )
  )
  )
vs. )  Case No.: CA18-242
  )
  )
TIMOTHY FOLSTED )
  )
  Defendant )
  )

FILED
2018 MAY -2 P 4: 24
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## COMPLAINT

### PARTIES

Plaintiff John Benedict Sr., (hereinafter "Plaintiff") President of the Seed of Abraham MC Rhode Island Chapter (hereinafter "SOAMCRI"), a chapter of a nationally recognized unincorporated association known as Seed of Abraham MC (hereinafter "SOAMC") having a principal address of 157 Main Street Blackstone, MA 01504 with a phone number bearing the following 774-573-5244 and an email address of John1six@gmail.com

Defendant Timothy "Rocket" Folsted, (hereinafter "Defendant") Interim National President of the Seed of Abraham MC a nationally recognized unincorporated association known as Seed of Abraham MC (hereinafter "SOAMC") having a principal address of 628 Wallace Avenue Duluth, MN 55812 with a phone number bearing the following 218-349-3486 and an email address of timmyrocket@gmail.com

## DISCUSSION

**Now Comes,** The plaintiff in the above captioned matter and moves this court pursuant to Fed. R. Civ. P. 8(a) and 28 USC § 1332 with which this court has authority under diversity of Citizenship Jurisdiction; complains negligence, promissory estoppel and undue influence and seeks declaratory and injunctive relief as well as class certification pursuant to Federal R. Civ. P. 23 if the court deems it just and fair at this juncture. The plaintiff states he has been harmed when promised by the defendant of unity of the nation of Motorcycle Clubs (hereinafter "MC") known as Seed of Abraham, (Exhibit A Letter, Date; March 11, 2018; Exhibit B Letter dated ,February 15, 2018 paragraph 4, line 5-9 and Paragraph 6; Exhibit C Letter dated April 3, 2018, 1st Paragraph Line 1, 2nd paragraph line 4-5, Paragraph 6; February 15, 2018, 2nd paragraph particularly line 1 and forward in its entirety), whereby the defendant recanted that promise by instituting unachievable requirements, by asserting undue influence, in his interim position as National President over each individual MC across 9 states including the plaintiffs appointed state of authority Rhode Island, to participate in a vote of the national office of president as well as his overreaching of appointing successors for the position of Vice President at the national level. The defendant has harmed the plaintiff and others similarly situated, chapters located in various states, (9 chapters located in 9 different states - Rhode Island, Indiana, Kentucky, Ohio, Alabama, Arizona, North Carolina, South Carolina, Massachusetts, Texas), [and as such requests a Class certification if the court deems it appropriate], with regard to a vote for the office of national president by causing plaintiff Et. Al., to be disenfranchised due to financial ability, by denying him a vote for a national elected position by requiring him to be present to vote in the state of Texas located in the city of El Paso, by instituting an unwritten requirement of his physical presence to cast his vote (the organization has no by law or constitution to reflect a

quorum in this manner that would outline the necessity of this requirement (see exhibit D)) Plaintiff complains he would have to remain in El Paso for 3 days and 4 nights for the national meeting and be subject to 10 days of travel and expenses with which plaintiff is unable to afford (defendant is requiring all states presidents to be present) this is a requirement which has no bylaw or constitutional parameter to substantiate its requirement; as well defendant is aware of a national gathering of motorcycle enthusiasts will be taking place in New Hampshire with which the plaintiff is known to attend and has attended on a yearly basis for over 20 years; said gathering does not make it reasonable for him to make it to El Paso Texas in a timely manner to attend the national meeting aside the exorbitant costs with which he has to incur.

The plaintiff states that the travel expense will cost him (as would 9 other chapters similarly situated) approximately $12,000.00. The costs for the defendant and others similarly situated would include another person, besides the defendant, to with which defendant would ride a motorcycle 5200 miles round trip the second person would drive a "chase vehicle", a pick-up truck, and a trailer for safety purposes. The trip costs included for two people lodging, fuel, tolls, and food would be an estimated $12,000.00

The defendant has acted to disenfranchise the plaintiff in this manner by means of causing disunity when he promised unity among its members. The other chapters mentioned above are also disenfranchised from casting votes by same means and manner and have been promised unity by the defendant who now is disunifying the organization SOAMC. Defendants' action uses no support for his voting requirement in any by-law or constitution voted and agreed by members, Defendants actions requiring the presence of all chapter presidents when he is aware of the difficulty for all chapters to send a president and has made no provision to accept a

reasonable manner of voting as was customary of the past, is creating disunity and he is exerting undue influence over the members of SOAMC. The only reason plaintiff can give (he will attest under oath for this action) is because defendant is aware that he will be unseated by the nationwide chapters with which he is prohibiting a vote unless they are present. This act will then inure to his benefit with which he will continue to remain as president of this unincorporated organization. Without the votes nationally for his continuance as president defendant has a vested interest in finding a means to prevent the plaintiff and other chapters from voting against him, and his actions clearly show that he has promised one thing, unity, but engages in disunity by his actions and by his position he is exerting undue influence over the plaintiff and others similarly situated.

Plaintiff has qualified himself in the following three ways that a promise was made by the defendant and has been to the detriment of the plaintiff for the defendants failure to uphold his agreement; (1) Was there a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee? (2) Did the promise induce such action or forbearance? (3) Can injustice be avoided only by enforcement of the promise?. The defendant promised unity and is creating disunity, and he should be stopped from holding a national meeting where a vote will be cast for the national president. Preventing the interim national president, known herein as defendant, from acting in any capacity or appointing anyone as successor or continue in conducting business for the unincorpated association SOAMC until a time when a proper and fair method has been agreed upon by the parties for the handling of the vote of the national office of president and its national organization, one which is approved by all member state presidents of such methods, is tantamount to good governing. The former national president called for unity and fairness the

defendant calls for the same but acts differently making promises and exerting undue influence. As described above, the plaintiff, as will 9 other states, suffer by not being granted an opportunity to cast a vote for the very important position of national president. This disenfranchising of the plaintiff is clear anathema to what the motorcycle club exerts as its basis for existence Love, loyalty, honor and Respect, all which can only be derived by unification of which here it is promised by defendant but then circumvented when he has realized that he will not be elected by the various states, one of which is the plaintiffs' (State of Rhode Island). To not proceed would cause harm to the plaintiff and the others similarly situated, because there will be no possibility for recourse of the plaintiff, that the defendant may continue to exert his undue influence and create a means whereby he could hold the president seat forever. The defendant and the former president of SOAMC affirmatively sought to alter the status quo and change the rules that apply to this MC without the complete approval of the organization as a whole of which plaintiff is inclusive. This is the continuing Modus operandi we seek to change. Defendant additionally seeks to continue to remain ambiguous about its national workings with regard to finance and organizational structure as was his predecessor. We cannot let this continue and we must have a transparency of operational functions to succeed in unity. Thus, absent declaratory judgment, defendant will succeed in having changed the rules of the game. Plaintiff will have no real ability to challenge his decisions, will lose his ability to bring unity, as defendant has done nothing but cause disunity, and plaintiff will face extraordinary obstacles in pursuing any objectives to bring unity to the organization because the defendant will soon have the ability to make changes with unfettered discretion with no checks and balances in place to protect the organization as a whole; who will be there to prevent cronyism and exertion of undue influence by those in power? Only the organization as a whole unified body can accomplish this and the

defendant has shown he is not interested in unifying if it will result in his removal from the office which he presently holds as interim president of SOAMC. There is no fair or just reason for imposing such rule that a member who has not the financial ability to attend a national meeting will be denied a vote for an important elected position.

**WHEREFORE,** plaintiff respectfully requests that this court declare summarily that the defendant violated his promise to the detriment of the plaintiff who relied on defendants promise and plaintiff now seeks recourse that the court order by promissory estoppel, as it deems just and proper and permit a vote without the presence of the individual states presidents including the plaintiff ,and that a settlement agreement be had which will include a proxy vote by agreement of the parties as well as for all actions of the national office with regard to an effective quorum and a means for voting for member states who cannot be present and for any changes or alterations to voting process and/or by-law changes and it be inclusive for member states not able to attend.

                                                Respectfully Submitted,

                                                John P. Benedict Sr. pro Se
5-2-18                                          John Benedict Sr.,
                                                President SOAMCRI
                                                157 Main Street
                                                Blackstone, MA 01504
                                                774-573-5244
                                                John1six@gmail.com

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5-2-18

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: John P. Benedict Sr

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____