UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JOHN BENEDICT, SR.,                )
                                   )
            Plaintiff,             )   C.A. No. 18-242 WES
                                   )
    v.                             )
                                   )
                                   )
TIMOTHY FOLSTED,                   )
                                   )
            Defendant.             )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") (ECF No. 5) in this case, recommending the Court dismiss without prejudice.

After careful review of the complaint (ECF No. 1), and of the R&R, and having heard no objection, the Court ACCEPTS the R&R and adopts its recommendation and reasoning. This case is DISMISSED without prejudice.

Plaintiff's Motion for a Temporary Restraining Order (ECF No. 3) is consequently DENIED. Plaintiff has not shown he is likely to have a federal court entertain – much less rule in his favor on – his claim. New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (noting that motion for temporary restraining order will fail "if the moving party cannot demonstrate that he is likely to succeed in his quest").

Plaintiff's Motion to Certify Class (ECF No. 3) is also DENIED. See D.R.I. L.R. Gen. 205(a)(2) ("An individual appearing pro se may not represent any other party . . . .")

IT IS SO ORDERED.

/s/ W E Smith
William E. Smith
Chief Judge
Date: July 20, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN BENEDICT, SR.          :
                            :
v.                          :  C.A. No. 18-00242-WES
                            :
TIMOTHY FOLSTED             :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On May 2, 2018, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (ECF Doc. Nos. 1, 2). Plaintiff's Application (ECF Doc. No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff is a Massachusetts resident and the current President of the Rhode Island Chapter of the Seed of Abraham Motorcycle Club. (ECF Doc. No. 1 at p. 1). Defendant is a Minnesota resident and the Interim President of the National Seed of Abraham Motorcycle Club. Id. Plaintiff alleges that Defendant promised "unity" of the nation of motorcycle clubs known as Seed of Abraham, but that Defendant's actions belie his promise of unity. Plaintiff alleges that Defendant has scheduled a meeting of the Seed of Abraham Motorcycle Clubs to elect the new National President. Id. at p. 2. The meeting is scheduled for June 22-24, 2018 in El Paso, Texas, and Plaintiff alleges that Defendant is requiring Members of local clubs to be physically present at that meeting to cast a vote for the next National President. Id. Plaintiff alleges the requirement to be physically present to vote does not further the goal of "unity" and will impose a financial hardship upon him and Chapter Presidents from nine other states. Plaintiff claims the requirement to be physically present to vote is unsupported by the rules or bylaws of the Club. Id. at pp. 2-3, 5-6. He estimates his travel expenses to Texas would be roughly $12,000.00. Id. at p. 3. Plaintiff brings his Complaint for negligence, promissory estoppel and undue influence. Id. at p. 6. He seeks injunctive and declaratory relief and asks that the Court restrain Defendant from holding the National Meeting in Texas from June 22-24, 2018, and prevent Defendant from acting in any capacity on behalf of the National Chapter of the Motorcycle Club until the issues raised in this suit are resolved. (ECF Doc. No. 3 at pp. 10-11).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a

defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because this Court lacks jurisdiction and is not the proper venue for this case.

Federal courts are courts of limited jurisdiction. Plaintiff alleges that the Court's jurisdiction arises out of diversity of citizenship. 28 U.S.C. § 1332. To establish diversity jurisdiction, the "amount in controversy" must exceed $75,000.00 and the case must be between citizens of different states. 28 U.S.C. § 1332(a). Here, Plaintiff estimates the cost for him to travel to Texas would be "approximately $12,000.00." (ECF Doc. No. 3 at p. 3). Plaintiff's

damage claim of $12,000.00 clearly does not exceed the jurisdictional requirement of §1332(a), and the Court therefore does not have jurisdiction to hear this case. The status of Plaintiff's Complaint as a proposed Class Action does not alter the Court's consideration of the amount in controversy. In a proposed Class Action, "at least one named plaintiff must meet the jurisdictional requirements provided in § 1332." See Freitas v. First N.H. Mortg. Corp., No. 98-211-ML, 1998 WL 657606, *3 (D.R.I. July 23, 1998). In this case, neither Plaintiff nor the proposed plaintiffs from "9 other chapters similarly situated" have alleged a claim surpassing the $75,000.00 threshold. Accordingly, the Court does not have subject matter jurisdiction over the case.[1]

Further, Plaintiff's Complaint must be dismissed by this Court because it was brought in an improper venue. Pursuant to 28 U.S.C. § 1391(b), venue is proper only in a judicial district in which any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred or where any defendant may be subject to the court's personal jurisdiction with respect to such action. Plaintiff does not allege any events giving rise to the claim occurred in Rhode Island. Defendant is not a resident of Rhode Island and there are no facts alleged that would support the assertion of personal jurisdiction over Defendant in this District. Thus, proper venue does not lie in this District. Because Plaintiff has also failed to meet the jurisdictional requirements for diversity jurisdiction, transfer of this case is not warranted, and it should be dismissed for improper venue. 28 U.S.C. §1406(a).

---

[1] Additionally, Plaintiff may not pursue a Class Action Complaint as a pro se litigant. The law is clear that a pro se plaintiff cannot adequately represent and protect the interests of a Rule 23 class of litigants. See Harris v. Perry, No. 15-222-ML, 2015 WL 4879042 at *4 (D.R.I. July 15, 2015) (citing Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005)). Furthermore, a pro se plaintiff's ability to sue for anyone other than himself is expressly prohibited by the Local Rules of this Court. See D.R.I. Local Rule Gen. 205(a)(2) ("An individual appearing pro se may not represent any other party..."). Thus, Plaintiff is not legally authorized to proceed pro se with this class action litigation.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 17, 2018